LAW OFFICES
# PAUL E. WARBURGH, JR.

P.O. BOX 1933
HUNTINGTON, N.Y. 11743

(631)223-2370

FACSIMILE
(631) 223-2130

August 27, 2008

Honorable Robert P. Patterson
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

          Re:    United States v. Dario Grullon
                 Docket No. 08-CR-055-RPP

Dear Judge Patterson:

      Please accept this letter brief in lieu of a more formal submission stating the defendant's position as to the appropriate sentence to be imposed.

      On May 14, 2008, the defendant pleaded guilty without a plea agreement to Count One of the Indictment which charged him knowingly and intentionally conspiring to distribute 500 grams or more of cocaine contrary to Title 21, United States Code, Section 841 (b)(1)(B) in violation of Title 21, United States Code, Section 846. The defendant is scheduled to be sentenced on September 2, 2008, at 10:00 AM.

      After <u>United States v. Booker</u>, 543 U.S. 220 (2005), sentencing involves a three step process:

      (1)    Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before <u>Booker</u>.

      (2)    Courts must formally rule on the departure motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation.

      (3)    Finally, Courts are required to exercise their discretion by considering the relevant §18 U.S.C. §3553 (a) factors in setting the sentence they impose.

In calculating defendant's Guideline range precisely as it would have before Booker, this Court should engage in precisely the same exercise in judicial fact finding as it did before Booker. The Court must expressly rule on any disputed portion of the presentence report or other controverted matter or determine that a ruling is unnecessary either because the matter will not affect sentencing or because the Court will not consider the matter in sentencing. Fed. R. Crim. P. 32 (i) (3) (B). As before Booker, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence.

Contrary to the Pre-Sentence Report (PSR) the defendant submits that he is entitled to a U.S.S.G. § 3B1.2 reduction in the adjusted offense level based upon his mitigating role in the drug conspiracy. Section 3B1.2 recommends:

> [b]ased on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity, decrease by four levels. (b) If the defendant was a minor participant in any criminal activity, decrease by two levels. In cases falling between (a) and (b), decrease by 3 levels.

Application note 4 to the Commentary to § 3B1.2 explains that the four level reduction for minimal participant is intended to cover defendants who are plainly among the least culpable of those involved in the groups conduct. Under this subsection, the defendant's lack of knowledge or understanding of the scope and the structure of the enterprise and of the activities of others is indicative of a role as minimal participant. Application note 5, in turn, defines a minor participant "as a defendant who is less culpable than most other participants, but whose role could not be described as minimal." See generally: *United States v. Lopez*, 937 F.2d 716, 728 (2d Cir. 1991) ("The difference under the Guidelines between 'minimal' and 'minor' is not just semantics; rather, both are terms of art that result in different adjustments").

A defendant must prove by a preponderance of evidence that he is entitled to a U.S.S.G. §3B1.2 mitigating role adjustment. The fact that a defendant played a certain role or held a specific status does not automatically warrant a role reduction. *United States v. Martin*, 78 F.3d 808, 814 (2d Cir. 1996); See: *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993) (mere courier status does not automatically entitle a defendant to a minimal or minor role adjustment). Also, to be eligible for a U.S.S.G. § 3B1.2 role reduction, the defendant's conduct must be minimal or minor as compared to that of the average participant in such a crime. *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir. 2001). A U.S.S.G. § 3B1.2 reduction is not available simply because the defendant has a lesser role than his co-conspirators. See: *United States v. Ajmal*, 67 F.3d 12, (2d Cir. 1995) (ruling that the fact that the defendant played a minor role in his offense "vis-à-vis the role of his co-conspirators" is insufficient, in and of itself, to justify a two level reduction). Whether a defendant is a minimal, minor or intermediate participant will turn largely on the facts. U.S.S.G. § 3B1.2, comment. (n.3) ("The determination as to role is heavily dependent upon the facts of the particular case.").

Amongst the variety of factors to be considered by the sentencing court is the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise. *Carpenter*, 252 F.3d at 234 (quoting *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993)); *United States v. Hued*, 338 F.Supp.2d 453 (S.D.N.Y. 2004) (applying factors to a

minimal participant in a drug conspiracy); *United States v. Mateo,* 299 F.Supp.2d 201 (S.D.N.Y. 2004) (applying factors to a minor participant in a drug case). Once these factors have been taken into account, the sentencing court must then determine whether the defendant is substantially less culpable than the average participant in such a crime. The sentencing court's factual determination as to role is reviewed for clear error and will be reversed only for abuse of discretion. *United States v. Salameh,* 261 F. 2d 271, 280 (2d Cir. 2001); *United States v. Colon,* 220 F.3d 48, 51 (2d Cir. 2000).

By preponderance of the evidence, the defendant is entitled to a U.S.S.G. § 3B1.2 minor role adjustment, as he is less culpable than most average participants in such a drug crime.

He was the person who picked up the cocaine package from the car service car and took it to the co-defendant Moran who was waiting with the confidential informant. He was certainly not an organizer, leader, "cell head", boss, broker or employee. By Moran's own admission, it was he, Moran, who set up the deal and got the defendant by the offer of $500 to get the cocaine from the car; wait in the hotel; and then bring it to Moran when instructed.

The defendant knew little about the deal other than to wait with the package and give it to Moran. See: United States v. LaValley, 999 F.2d 663 (2d cir. 1993), (holding that lack of knowledge or understanding is essential for a minor participation reduction.).

Furthermore, the defendant had nothing to do with obtaining the cocaine; he had nothing to do with setting the price; and in fact didn't know whether the package he was carrying was cocaine or heroin or even what the amount was.

With the mitigating role adjustment, the resulting total offense level becomes 23.

Next the defendant with reference to his criminal history category moves for a downward departure from Category III to Category I. See: U.S.S.G. Section 4A1.3 (b) (1). The defendant believes that Category III substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes.

The defendant has two arrests for driving while intoxicated. Both occurred in 2004. The first resulted in a guilty plea for driving while impaired which is a traffic infraction, i.e., a non-crime and the second resulted in a guilty plea to a driving while intoxicated misdemeanor with a sentence of three years probation. All of this has resulted in four criminal history points which impacts the Guideline calculation not only placing the defendant in Category III but making him ineligible for the "safety value".

The defendant probably had a drinking problem in 2004 which can be addressed by alcohol abuse programs. He is not a "continuing criminal per se" and should not be penalized as if he was.

Other judges in this Court have departed to Category I in relatively similar cases. See: United States v. Sherpa, 265 F 3d. 144 (2d cir. 2001). The district court there departed to Category I where defendant had a drunk driving conviction.

With the Guideline and Criminal History adjustments the defendant would face a sentence range of 46 to 57 months.

The defendant submits that a Guideline sentence of Level 23 at Criminal History Category I is the appropriate sentence. This Court however is prohibited from imposing such a Guideline sentence because the offense of conviction here has a five year mandatory minimum.

The defendant suggests based on the opinion in United States v. Grant, 2007 WL4218920 (C.D.CA November 30, 2007) that this Court can effectuate a Guidelines sentence by declaring the requirement of the mandatory minimum unconstitutional as applied to the defendant here. The defendant in Grant was what the Court deemed a peripheral offender. The defendant here is in the same category as he was simply a courier. As the Grant Court said Booker requires Courts to consider the Section 3553 (a) factors and a Court cannot do this in cases involving a mandatory minimum. So, by accepting an interpretation that mandatory minimums only apply to principal drug traffickers and not peripheral offenders Courts can comply with the Booker mandates.

Based on all the above, the defendant requests that he be sentenced without regard to the mandatory minimum.

Thank you for your consideration.

Respectfully submitted,

PAUL E. WARBURGH, JR.,

cc:   Todd Blanche
      Assistant U. S. Attorney