

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

August 27, 2008

**BY FACSIMILE AND ECF**

The Honorable Robert P. Patterson
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

    Re:  *United States v. Dario Grullon*,
         08 Cr. 055 (RPP)

Dear Judge Patterson:

     The Government respectfully submits this letter in advance of the defendant's sentencing scheduled for September 2, 2008, at 10:00 a.m., and in response to the defendant's August 27, 2008 letter ("Def. Ltr."). For the reasons that follow, the Government agrees with the Probation Office that a sentence within the applicable Guidelines range of 70 to 87 months' imprisonment is appropriate and reasonable in this case.

### Procedural History

     Information 08 Cr. 055 (RPP) charged two individuals, Dario Grullon and Joseph Moran in one count, namely, that, from early November 2007, through November 20, 2007, the defendants conspired to distribute 500 grams and more of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and 846.  (PSR ¶ 1).

     On Mary 14, 2008, the defendant pled guilty before Your Honor.  Prior to the guilty plea, the Government provided a *Pimentel* letter to the defendant (PSR ¶ 5).  The *Pimentel* letter calculated the Guidelines range at the same level as the Presentence investigation – Total Offense Level 25, Criminal History Category III.  (PSR ¶¶ 5, 24 - 34, 79).  Further, because the amount of cocaine involved in the conspiracy was more than 500 grams, but less than 5 kilograms, the defendant faces a

Hon. Robert P. Patterson
August 27, 2008
Page 2

mandatory minimum sentence of 60 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

## Discussion

The Government respectfully recommends that a Guidelines sentence (within the 70 - 87 months range) is appropriate and reasonable in this case. The defendant has failed to identify any circumstances that uniquely distinguish him from the typical defendant or otherwise justify a below-Guidelines sentence. Further, the defendant does not qualify for any adjustment based on his role, or lack thereof, in the offense. Finally, the Court should decline the defendant's invitation to follow an unpublished Central District of California decision holding the mandatory minimum sentence for a particular drug crime unconstitutional.

### A. The Guidelines Provide A Benchmark In Determining The Appropriate Sentence

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall* v. *United States*, 128 S. Ct. at 596-97.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater

Hon. Robert P. Patterson
August 27, 2008
Page 3

than necessary, to comply with the purposes" of sentencing, which are:

>      (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>      (B)   to afford adequate deterrence to criminal conduct;
>
>      (C)   to protect the public from further crimes of the defendant; and
>
>      (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 596-97 & n.6  Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 2007 WL 4292116, at *6; *see also Rita* v. *United States*, 127 S. Ct. at 2464.  To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Gall*, 128 S. Ct. at 597.

One of the important reasons why the Guidelines should be given substantial weight is that they represent the reasoned judgment of the United States Sentencing Commission. *See United States* v. *Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006).  The Sentencing Commission is a body of experts whose statutory mission is to apply "research, experience, and analysis" to promulgate guidelines that will "further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation."  U.S.S.G. Ch. 1, Pt. A, § 2.  Because these

Hon. Robert P. Patterson
August 27, 2008
Page 4

basic purposes of criminal punishment — which essentially mirror the purposes that this Court must consider pursuant to Section 3553(a)(2) — are inherently abstract, it is difficult to overstate the value of the perspective of a national commission whose charter is to collect and analyze data on sentences imposed throughout the nation.  Absent the national perspective they provide, it is hard to imagine how the sentencing factor identified in Section 3553(a)(6) — namely, "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" — could be meaningfully considered at all.

**B.    The Court Should Strongly Consider a Guidelines Sentence in This Case**

Here, the Probation Department has recommended a specific sentence of 70 months' imprisonment.  The defendant argues for a sentence below the mandatory minimum sentence based upon the defendant's (1) entitlement to a "minor role adjustment" that would result in a total offense level of 23, and (2) a motion for a downward departure based upon the overstatement of the defendant's criminal history.  (Def. Ltr. at 2-3).  If both of these arguments are accepted by the Court, the defendant's Guidelines would be 46 - 57 months' imprisonment.  The Court should reject the arguments put forth by the defendant and impose a Guidelines sentence.

The defendant identifies several factors that he contends counsel for a non-guidelines sentence.  In particular, the defendant argues that he is entitled to a 2-point mitigating role adjustment under U.S.S.G. § 3B1.2 because, according to the defendant, he knew "little about the deal," "had nothing to do with obtaining the cocaine; he had nothing to do with setting the price; and in fact didn't know whether the package he was carrying was cocaine or even what the amount was."  (Def. Ltr. at 3).  Further, the defendant argues that his criminal history category, III, over-represents the seriousness of his criminal history.  He does not contest the accuracy of his placement in criminal history category III, rather, he suggests that the defendant's two prior convictions for driving while intoxicated, combined with the fact that the instant offense was committed while the defendant was on probation, lead to an overstatement of the defendant's criminal history.  Neither of these arguments have merit.

Hon. Robert P. Patterson
August 27, 2008
Page 5

    1.    **The Defendant Does Not Qualify for a Minor Role Adjustment**

The defendant is not entitled to a 2-point mitigating role adjustment. Section 3B1.2 of the Sentencing Guidelines provides that a defendant's base offense level may be reduced by two levels if the defendant was a "minor participant." As defined in the relevant commentary, a "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) & comment. (n.5). An adjustment under Section 3B1.2(b) is appropriate only when a defendant is "substantially less culpable than the average participant," that is, "less culpable than most other[s]" who are "criminally responsible for the commission of the offense." U.S.S.G. §§ 3B1.1, comment. (n.1), 3B1.2, comment. (nn. 1, 3(A), 5) (emphasis added).

A defendant has the burden of proving by a preponderance of the evidence that he is entitled to a minor role adjustment under Section 3B1.2 of the Guidelines. See *United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002); *United States v. Castano*, 234 F.3d 111, 113 (2d Cir. 2000); *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000). The sentencing judge's analysis of the defendant's role in criminal activity is "'highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir. 2001) (quoting *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993)).

The Second Circuit has repeatedly emphasized that a minor role reduction will not be available simply because the defendant played a lesser role than his co-conspirators. *E.g.*, *United States v. Neils*, 156 F.3d 382, 383 (2d Cir. 1998); *United States v. Ajmal*, 67 F.3d 12, 18 (2d Cir. 1995). Rather, "'to be eligible for a reduction, the defendant's conduct must be 'minor'. . . as compared to the average participant in such a crime.'" *United States v. Carpenter*, 252 F.3d at 235 (quoting *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999)); accord, *e.g.*, *United States v. Jeffers*, 329 F.3d 94, 103 (2d Cir. 2003); *United States v. Yu*, 285 F.3d at 200. And in measuring the defendant's role, "[a] sentencing court is not bound to accept [a] defendant's self-serving characterizations of his role in an offense." *United States v. Shonubi*, 998 F.2d at 90.

Hon. Robert P. Patterson
August 27, 2008
Page 6

      Applying these established principles, the Second Court and other courts have routinely upheld the denial of mitigating role adjustments, even to defendants who acted merely as brokers or couriers of relatively modest quantities of narcotics. *See, e.g.*, *United States v. Imtiaz*, 81 F.3d 262, 265 (2d Cir. 1996) (*per curiam*) (affirming denial of mitigating role adjustment to broker/courier in single, two-kilogram heroin transaction); *United States v. Garcia*, 920 F.2d 153, 154-55 (2d Cir. 1990) (*per curiam*) (upholding denial of minor role adjustment to courier who received $150 for single delivery of one kilogram of cocaine); *see also United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006) ("drug courier and a facilitator" responsible for between 1.5 and 5 kilograms of methamphetamine was properly denied minor role adjustment); *United States v. Zuleta*, 427 F.3d 1082, 1086 (8th Cir. 2005) (defendant who "acted as a courier on more than one occasion" properly denied role adjustment); *United States v. Rodriguez-Cardenas*, 362 F.3d 958, 959 (7th Cir. 2004) (upholding denial of minor role adjustment where defendant twice delivered cocaine and heroin in transactions that were arranged by his co-defendant); *United States v. Belitz*, 141 F.3d 815, 819 (8th Cir. 1998) ("voluntary and knowing storage of a substantial amount of methamphetamine [380 grams] was sufficient to preclude a decrease for a minor role"); *United States v. Gonzalez-Soberal*, 109 F.3d 64, 74 (1st Cir. 1997) ("[E]ven assuming, arguendo, that appellant was able to establish that he was merely a courier, he has failed to carry his burden of showing that he is entitled to a downward adjustment"). With respect to drug couriers in particular, the Second Circuit has made clear that "courier status" does not automatically confer the right to a minor role adjustment. *See, e.g., Shonubi*, 998 F.2d at 90 (affirming denial of role adjustment where defendant "describe[d] his role in heroin smuggling as that of a lowly courier" and "insist[ed] he must be a minor or minimal participant because he had no money to acquire heroin independently and no accumulated drug profits"). Rather, the Second Circuit has noted that "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds." *United States v. Garcia*, 920 F.2d at 155.

      The Second Circuit has also made clear that in evaluating a defendant's role in the offense, a District Court should consider the defendant's role in the illegal activity for which he was sentenced, and not any broader illegal activity that he was not held accountable for and that did not affect his sentence. *See United States v. Gomez*, 31 F.3d 28, 31 (2d Cir. 1994); *United States v. Marino*, 29 F.3d 76, 77 (2d Cir. 1994); *see also United States v. Carasa-Vargas*, 420 F.3d 733, 737 (8th Cir. 2005) ("A defendant's role in the offense is measured by the relevant conduct for which he is held responsible."); *United States v.*

Hon. Robert P. Patterson
August 27, 2008
Page 7

*Rodriguez De Varon*, 175 F.3d 930, 943-44 (11th Cir. 1999) ("Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable — not a minor role in any larger criminal conspiracy — should the district court grant downward departure adjustment for minor role in the offense."); *United States v. Kipp*, 10 F.3d 1463, 1468 (9th Cir. 1993) ("A downward adjustment under § 3B1.2 is appropriate only where a defendant's role is minor or minimal compared to other participants in the same offense or in relevant conduct within the meaning of U.S.S.G. § 1B1.3.").

      As these cases show, an individual such as the defendant simply does not qualify for a role adjustment. As admitted to by the defendant, he "picked up the cocaine", and delivered it to his co-conspirator, Moran. He also admits he was going to get paid $500, waited in the hotel with 3 kilograms of cocaine, and then delivered the cocaine to Moran when the deal was set to be completed. Further, the defendant does not dispute the allegations in paragraphs 8 - 13 of the PSR, setting forth the background of the investigation. Although he claims to have not been aware of the type of drug he was delivering, such a self-serving statement is not possible to prove, and would be surprising, given the undisputed fact that the defendant picked up the cocaine, held it for a period of time, and then was arrested with 3 kilograms of cocaine on his person. *See United States v. Shonubi*, 998 F.2d at 90. Even if, however, the Court accepts the defendant's claims about his purported lack of knowledge about the type of drug he was picking up, holding, and thereafter delivering to Moran, it still does not qualify the defendant for a role reduction, given the undisputed conduct he did in this case. *See United States v. Imtiaz*, 81 F.3d 262, 265; *Shonubi*, 998 F.2d at 90; *United States v. Garcia*, 920 F.2d at 155. For these reasons, the Court should deny the defendant's request for a 2-level reduction based upon his role in the offense.

      **2.    The Defendant's Criminal History is Not Overstated**

      The defendant's criminal history is not overstated. The defendant does not argue that the analysis reached by the probation department is legally flawed. Rather, he argues that the seriousness of his criminal history - 2 arrests and convictions for driving while intoxicated - make it unlikely that he will commit other crimes. He further contends that the result, 4 criminal history points, is too high. The defendant is wrong. There is simply nothing unique or inaccurate about the defendant's criminal history taking into account two convictions (resulting in 1 point each), and the significant fact that the

Hon. Robert P. Patterson
August 27, 2008
Page 8

defendant committed the instant offense while on probation (resulting in an additional 2 points).

The defendant's basis for seeking a downward departure should also be rejected. The defendant claims he is not a "continuing criminal per se." Such a claim may be true, but that does not mean that he qualifies for a downward departure. There is simply no basis under the Guidelines for a departure based on the defendant's criminal history being overstated. The Application Notes are instructive on the types of situations that may warrant such a departure, noting that a departure "may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and *no other evidence of prior criminal behavior in the intervening period*." U.S.S.G. § 4A1.3 (Application Note 3) (emphasis added). The Guidelines do not invite a departure when a defendant has two convictions within a short time of each other, and then conspires to distribute 3 kilograms of cocaine while on probation for those same convictions. For these reasons, the motion for a downward departure based on the defendant's purportedly overstated criminal history should be rejected.

Finally, the defendant claims that the Court should hold the mandatory minimum sentence attached to this case should be declared unconstitutional. In support of this position, the defendant cites an unpublished district case from the Central District of California. Obviously, and for good reason, this case is not binding on the Court. Indeed, the Government, in that case, appealed the district court judge's decision, and the briefs in that case have been fully submitted by the Second Circuit. Such a position is contrary to the Second Circuit. *See, e.g., United States v. Vargas*, 204 Fed. Appx. 92 (2d Cir. 2006). The defendant's position should be rejected.

Hon. Robert P. Patterson
August 27, 2008
Page 9

## Conclusion

      For the foregoing reasons, the Government respectfully submits that the defendant should be sentenced within the Guidelines range of 70 to 87 months' imprisonment.

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney

                        By:   _____
                                Todd Blanche
                                Assistant United States Attorney
                                Tel.: (212) 637-2494
                                Fax.: (212) 637-2390

cc:  Paul E. Warburgh, Jr., Esq.
     (facsimile)