UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARIO GROLLON,

                       Defendant-Petitioner        10 CV 57 (RPP)
                                                                   08 CR 55 (RPP)

     - against -

                                                             **OPINION AND ORDER**

UNITED STATES,

                       Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       The Petitioner, Dario Grullon[1] ("Petitioner") appearing pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed following his conviction, pursuant to a guilty plea, for conspiring to possess with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(A)(1), 841(b)(1)(B), and 846. The Petitioner contends first that statutory mandatory minimum sentences are unconstitutional. He also argues that this Court should have granted his request to depart downward from Criminal History Category III to Criminal History Category I, found that he was eligible for safety valve relief pursuant to 18 U.S.C. § 3553(f), and granted such relief.

                                                          I.

       On May 14, 2008, the Petitioner entered a guilty plea without a plea agreement to one count of conspiracy, in violation of 21 U.S.C. § 846, to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(A)(1), 841(b)(1)(B). Prior to

---

[1] While the Petitioner's last name appears in the caption as "Grollon", his papers use the spelling "Grullon." The Court therefore uses his preferred spelling.

1

entry of the plea, the Petitioner assured the Court that he was fully competent and had reviewed the charge with his attorney. (Transcript of Plea, May 14, 2008 ("Plea Tr.") 5-6, 12.) The Petitioner was advised of the maximum and minimum penalties as well as the rights he was giving up by pleading guilty. (Plea Tr. 13-20.)

The Presentence Investigation Report ("Presentence Report") concluded that Petitioner's base offense level was 28, but applied a 3-level downward adjustment for timely acceptance of responsibility resulting in a total adjusted offense level of 25. (Presentence Report ¶ 5, 32.) The Presentence Report calculated that the Petitioner's Criminal History was Category III and concluded that "the guideline range for imprisonment is 70 to 87 months." (Presentence Report ¶ 47, 49.) The Presentence Report recommended a sentence of 70 months. (Presentence Report at 18.)

Prior to sentencing, the Petitioner's counsel submitted a letter requesting that he be sentenced below the Guidelines range. The request was based on the Petitioner's alleged minor role in the offense and because the guideline calculation overstated the Petitioner's criminal history. The letter also requested that the Court hold statutory mandatory minimum sentences unconstitutional. The Government submitted a letter opposing these requests.

At sentencing on September 2, 2008, Petitioner, through counsel, argued extensively for a sentence below the Guidelines range citing his minor role in the offense, his background, and family circumstances.

In light of defense counsel's arguments and the statements made by the Petitioner, this Court rejected Petitioner's contention that he was a minor participant in the conspiracy but agreed that a Criminal History Category of III overstated the seriousness of the Petitioner's criminal history and reduced his Criminal History Category to II. (Sent. Tr. at 23-24.)

Following careful consideration of the factors set forth in 18 U.S.C. § 3553(a), and after noting that it was bound by Second Circuit precedent to apply the statutory mandatory minimum, this Court imposed a below-Guidelines sentence of 60 months of incarceration followed by four years of supervised release. The Petitioner was advised of his right to appeal the sentence. (Sent. Tr. at 26.)

On September 10, 2008, the Petitioner filed a notice of appeal. On January 15, 2009, his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that counsel had concluded that there are no non-frivolous issues to be raised on appeal by explaining the settled nature of each argument brought at sentencing and noting that the Second Circuit has upheld the constitutionality of mandatory minimum sentences. (Brief for Appellant Pursuant to Anders v. California, 386 U.S. 738 (1967), at 12.)

On January 29, 2009, the Government filed a motion for summary affirmance also explaining this Court's rejection of the Petitioner's constitutional challenge to statutory minimum sentences. On April 27, 2009, the Second Circuit granted the Anders motion and the Government's motion for summary affirmance. Grollon v. United States, 08-4634-cr (2d Cir. 2009). On December 2, 2009, the Petitioner filed this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

II.

The statutory mandatory minimum sentence imposed in this case is constitutional. The Petitioner urges this Court to hold the imposed sentence unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 552 U.S. 85 (2007).[2] The

---

[2] The Petitioner argued at sentencing and in his petition that United States v. Grant, 524 F. Supp.2d 1204 (C.D. Cal. 2007) provides this Court with the authority to find statutory mandatory minimum sentences unconstitutional. In

3

Supreme Court's holdings in these decisions establish the advisory nature of the Federal Sentencing Guidelines and distinguish between sentences mandated by statute and the Sentencing Guidelines promulgated by the Federal Sentencing Commission.  Booker, 543 U.S. at 331; Kimbrough, 552 U.S. at 87-89.  Nothing in the Supreme Court's decisions or Second Circuit's decisions has cast doubt on the constitutionality of mandatory minimum sentences imposed by statutes passed by Congress and signed into law by the President.  Indeed, the Kimbrough court noted that, "...sentencing courts remain bound by the mandatory minimum sentences prescribed in the 1986 [Anti-Drug Abuse] Act."  Id. at 107.  See also United States v. Vargas, 204 Fed. App'x 92 (2d Cir. 2006) (reaffirming the Second Circuit's decision in United States v. Huerta, 878 F.2d 89 (2d Cir. 1989), which upheld statutory mandatory minimum sentences as constitutional, in the wake of the Supreme Court's Booker decision).

Accordingly, the application of the statutory mandatory minimum sentence in this case was not unconstitutional.

III.

The Petitioner contends that this Court should have granted his initial request to depart downward from Criminal History Category III to Category I, found that he was eligible for safety valve relief under 18 U.S.C. § 3553(f)(1), and granted such relief.  Controlling Second Circuit precedent establishes that even if the Court had granted Petitioner's request to depart

---

that case, the District Court for the Central District of California held that the 5-year mandatory minimum sentence for the Defendant required by 21 U.S.C. §§ 812, 841(b)(1)(B), and 846 was unconstitutional.  Id. at 1209.  This finding stands in conflict with controlling Second Circuit precedent upholding statutory mandatory minimum sentences.  United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) ("It is not apparent to us that the principles set forth in Kimbrough have any application to mandatory minimum sentences imposed by statute.")  Furthermore, the Ninth Circuit Court of Appeals has overturned the District Court's decision.  United States v. Grant, 312 Fed. Appx. 39 (9th Cir. 2009).  The Ninth Circuit held that, "absent an applicable exception under 18 U.S.C. §§ 3553(e) or (f), district courts lack the authority to refuse to impose the mandatory minimum sentence required by 21 U.S.C. §841(b)(1)."  Id. at 40.  It further held that "the imposition of a mandatory sentence does not violate a defendant's Fifth Amendment right to due process, even post-*Booker*."  Id.

4

downward to Criminal History Category I for purposes of sentencing, a defendant with more than one criminal history point is ineligible for safety valve relief.  *See* United States v. Sherpa, 265 F.3d 144, 148 (2d Cir. 2001); United States v. Resto, 74 F.3d 22, 28 (2d Cir. 1996). A recent case in this District applied Resto and Sherpa to hold that where the Court had "moved [the Defendant] from Criminal History Category II to Category I" at sentencing, he remained ineligible for safety valve relief because for safety-valve purposes the initial calculation of criminal history controls.  Herrera-Gomez v. United States, 2009 WL 4279439, at *5 (S.D.N.Y Dec. 1, 2009).

The Presentence Report's calculation of the Petitioner's criminal history points resulted in a total of four criminal history points, placing him in Criminal History Category III. The Court reduced that finding to Criminal History Category II to more accurately reflected the nature of the Petitioner's criminal history.  The Petitioner fails to provide an articulable basis or additional grounds for his present request to reduce this Criminal History Category determination to Category I.  Even if the Petitioner's Criminal History Category was reduced to Category I, the Defendant would remain ineligible for safety valve relief.  *See* United States v. Sherpa, 265 F.3d 144, 148 (2d Cir. 2001); United States v. Resto, 74 F.3d 22, 28 (2d Cir. 1996).  Therefore, his sentence would remain the same, even if the Court granted this part of the petition.

## CONCLUSION

For the reasons stated above, the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied.

IT IS SO ORDERED.

Dated: New York, New York
       June 21, 2010

                                                                       _____
                                                                       Robert P. Patterson, Jr.
                                                                            U.S.D.J.

Copies of this order were sent to:

**Dario Grullon**
Reg. No. 90201-054
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ 08640

**Todd Blanche**
United States Attorney
Southern District of New York
The Silvio J. Molla Building
One Saint Andrew's Plaza
New York, NY 10007

6